IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DARON TUTEN, Individually and as the Natural Father of H.T., a minor child and JAMIE FINCH, as Natural Mother and Conservator of H.T., a minor child, | )<br>)<br>)<br>) Civil Action File No. **CV422-086** |
| Plaintiffs, | )<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| GENERAL MOTORS LLC, | )<br>) |
| Defendant. | ) |

## PLAINTIFFS' COMPLAINT FOR DAMAGES

Daron Tuten, individually and as the Natural Parent of H.T., a minor child and Jamie Finch, as Natural Mother and Conservator of H.T., a minor child, file this Complaint for Damages, respectfully showing the Court as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiff Daron Tuten is a citizen and resident of Tattnall County, Georgia, and is the father of Plaintiff H.T., a minor child.

2.

Plaintiff Jamie Finch is a citizen and resident of Tattnall County, Georgia and is the mother and conservator of Plaintiff H.T., a minor child.

3.

Defendant General Motors LLC (hereinafter "GM") is a Delaware limited liability company that is authorized to conduct business in Georgia and is in the business of designing, developing, testing, manufacturing, marketing, and distributing automobiles for sale in Georgia.

General Motors LLC may be served with process through its registered agent, CSC of Cobb County, Inc., 192 Anderson St. S.E., Suite 125, Marietta, GA, 30060.

4.

This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

5.

Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and the Defendants are subject to personal jurisdiction in this District.

**Factual Allegations**

6.

The preceding paragraphs are incorporated and re-alleged as if fully set forth herein.

7.

On April 25, 2021, H.T., was a passenger in a 2013 Chevrolet Traverse, VIN 1GNKRJKDXDJ256643 ("the Subject Vehicle"), manufactured by GM.

8.

At approximately 2:16 PM, the Subject Vehicle was stopped with the flow of traffic in the westbound lane of Highway 80 near its intersection with Dowd Street in Pooler, Chatham County, Georgia.

9.

H.T. was seated in the passenger's side captain's seat behind her father, Darron Tuten.

10.

While the Subject Vehicle was stopped, a vehicle driven by non-party Erik Anderson approached from the rear and collided with the back of the Subject Vehicle ("Subject Incident").

11.

The impact from the collision caused the Subject Vehicle to rear-end an additional vehicle that was stopped in front of it.

12.

Nothing Plaintiffs did caused or contributed to this collision or the collapse of the seatback in the Subject Vehicle.

13.

At the time of the collision, Darren Tuten and H.T. were wearing their seatbelts and were properly seated in the seats of the Subject Vehicle.

14.

During the collision, Mr. Tuten's seat, and/or its component parts, failed to hold Mr. Tuten in an upright and stable position. The movement of the seat and/or its component parts, including the seat back, resulted in Mr. Tuten's seat falling backward and impacting H.T.

15.

As a result of the failure of the seatback in the Subject Vehicle, H.T. and Mr. Tuten suffered serious and permanent injuries.

16.

At all times, the Subject Vehicle was being used as expected and intended in a manner reasonably foreseeable to GM.

17.

As a result of the failure of the seatback, H.T. suffered severe and permanent injuries including, but not limited to, severe head injury including a fractured skull, traumatic brain injury, and other severe injuries.

18.

The subject collision is of a type that was reasonably foreseeable to GM in the normal and intended use of this product.

**Count I: Strict Liability**

19.

The preceding paragraphs are incorporated and re-alleged as if fully set forth herein.

20.

This count is based upon O.C.G.A. § 51-1-11.

21.

The Subject Vehicle was in substantially the same condition at the time of the incident as it was when it was placed it into the stream of commerce.

22.

GM knows and intends the seatback to act as the primary restraint for the seat occupant when involved in a rear end collision.

23.

GM expected that the Subject Vehicle would reach the user or consumer in the condition that it was in at the time of the incident.

24.

It was foreseeable to GM that the Subject Vehicle may be involved in a rear end collision, such as the incident giving rise to this lawsuit.

25.

The driver's seat and seatback system in the Subject Vehicle should have acted as a restraint system to provide sufficient occupant protection in a foreseeable collision, such as the incident giving rise to this lawsuit.

26.

The Subject Vehicle subjected Darron Tuten and H.T. to an unreasonable risk of harm, in that the seat and seatback system failed to properly restrain Mr. Tuten during the collision.

27.

Specifically, the Subject Vehicle was unreasonably dangerous and defective in its design, manufacturing, distribution, marketing, inspecting and/or the warnings that accompanied it because the front seats and seatbacks in the Subject Vehicle lacked the strength and structural integrity to hold Mr. Tuten in an upright and stable position during a foreseeable impact.

28.

At the time the Subject Vehicle was designed and manufactured, there were safer, practical, alternative designs for the seat and setback system in the Subject Vehicle.  These alternative designs would have eliminated and/or substantially reduced the risk of injuries to occupants such as Mr. Tuten and H.T.

29.

At the time the Subject Vehicle was designed and manufactured, GM knew or should have known that the seats and seatback system in the Subject Vehicle were defective.

30.

As a direct and proximate result of the defective condition of the Subject Vehicle, Plaintiffs suffered severe and permanent injuries.

### Count II: Negligence

31.

The preceding paragraphs are incorporated and re-alleged as if fully set forth herein.

32.

GM owed a duty to the consuming public in general, and Mr. Tuten and H.T. in particular, to exercise reasonable care to design, test, manufacture, inspect, market, and distribute a product free of unreasonable risk of harm to owners, users, and occupants, including Mr. Tuten and H.T.

33.

GM breached its duty to exercise reasonable care to design, test, manufacture, inspect, market, and distribute the Subject Vehicle free of unreasonable risk of physical harm to prospective owner, users, and occupants, including Mr. Tuten and H.T.

34.

Specifically, GM was negligent in the design, manufacture, and marketing associated with the Subject Vehicle in the following ways:

a. The front seat and seatback in the Subject Vehicle lacked the strength and structural integrity to hold Mr. Tuten in an upright and stable position during a foreseeable rear-end impact;

b. GM failed to adequately test the front seats and seatbacks to determine whether occupants of the Subject Vehicle would be exposed to an unreasonable risk of physical harm during a foreseeable rear-end collision; and

c. GM knew or should have known from its own crash tests and other real-world incidents with the same or similar front seats, that the front seats and seatbacks would fail, collapse, and/or bend.

35.

As a direct and proximate result of the negligence of Defendant GM, Plaintiffs suffered serious and permanent injuries.

**Count III: Failure to Warn**

36.

The preceding paragraphs are incorporated and re-alleged as if fully set forth herein.

37.

GM had a duty to warn, a continuing duty to warn, and a duty to adequately warn the public of dangers associated with the design, use and operation of its products.

38.

From the time that the Subject Vehicle was designed, marketed, distributed, sold, and placed into the stream of commerce until the present day, GM was and continues to be aware of the dangerous and defective design of the Subject Vehicle, specifically that the seatback could

fail in a foreseeable rear end collision which subjects the occupants to the danger of injury and/or death.

39.

GM breached its duty by failing to warn the public of the problems associated with the design of the seat and seatback system in the Subject Vehicle.

40.

As a direct and proximate result of GM's failure to warn, Plaintiffs suffered serious and permanent injuries.

### Count IV: Punitive Damages

41.

GM's actions were willful, wanton and evidence an entire want of care which raises a presumption of conscious indifference to consequences and authorizes an award of punitive damages.

### Prayer for Relief

WHEREFORE, Plaintiffs Darron Tuten, Individually and as Natural Parent of H.T., a minor child and Jamie Finch, as Natural Mother and Conservator of H.T., a minor child, demand judgment against Defendant GM for such damages as a jury may determine to be appropriate and requests the following relief:

A. That Summons and Process issue and that Defendant be served with a copy of this Complaint as required by law and that Defendant be required to appear and answer;

B. That Plaintiffs be awarded all compensatory damages from Defendant to which they are entitled to recover under Georgia law;

C. That Plaintiffs recover all special damages incurred as a result of the Subject Incident;

D.      That Plaintiffs recover damages for the pain and suffering experienced as a result of the Subject Incident;

E.      That Plaintiffs be awarded punitive damages from Defendant in order to punish Defendant for their past misconduct and to deter them from engaging in similar misconduct in the future, and that said damages shall be awarded in such an amount as may be shown by the evidence and determined in the enlightened conscience of the jury;

F.      That Plaintiffs be granted trial by jury of all issues so triable; and

G.      That Plaintiffs be granted any other relief this Court deems just and appropriate.

Respectfully submitted this 8th day of April, 2022.

HARRIS LOWRY MANTON LLP

410 E. Broughton St.  
Savannah, GA 31401  
Phone (912) 651-9967  
Fax (912) 651-1276  
steve@hlmlawfirm.com  
jdorminy@hlmlawfirm.com  

s/*Joshua H. Dorminy*  
STEPHEN G. LOWRY  
Georgia Bar No.: 460289  
JOSHUA H. DORMINY  
Georgia Bar No.: 822360  

ROYAL LAW FIRM

*s/ Kenneth L. Royal*  
KENNETH L. ROYAL  
Georgia Bar No.: 617415

340 Eisenhower Drive, Ste. 1301  
Savannah, GA 31406  
Phone (912) 351-0084  
Fax (912) 351-0085  
ken@royallaw.com  

*Attorneys for Plaintiffs*

9